# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Kayla Lora, Plaintiff,
v.
Naegeli Deposition and Trial, Defendant.

Case No.: [To be assigned]    6:25-CV-01740- PGB-DCI

# COMPLAINT

## I. Jurisdiction and Venue

1. This action is brought under the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. §12101 et seq.
2. Venue is proper in this Court because the events giving rise to this claim occurred in Orlando, Florida, and Defendant conducts business in this District.

## II. Parties

3. Plaintiff, Kayla Lora, is a resident of Orlando, Florida.
4. Defendant, Naegeli Deposition and Trial, is a court reporting company that operates in multiple states, including Florida.

## III. Facts

5. Plaintiff was hired on December 6, 2023, as a part-time professional court reporter.
6. Plaintiff disclosed at the time of hire that she has Type 1 Diabetes, a medical condition that qualifies as a disability under the ADA.
7. Plaintiff's offer letter and job posting described her position as part-time and did not state that long-distance travel was required.
8. Beginning in December 2023, Plaintiff raised concerns about excessive travel distances, often requiring over two hours of driving one way, explaining that such assignments were unsafe given her medical condition.
9. Despite these disclosures, the ADA interactive process did not begin until May 2024—a delay of nearly five months.
10. During this period, Plaintiff's assignments were reduced, and her remote work opportunities were taken away after she requested accommodations.
11. Plaintiff was also told by management that she could not discuss pay or work conditions with colleagues.
12. In May 2024, during an ADA meeting, Defendant proposed the following:
a. Limit Plaintiff's travel radius to 50 miles, but with the warning that this would reduce her assignments and hours.
b. Allow Plaintiff to work for other companies by waiving Defendant's policy that had previously prohibited outside employment, presenting this as an "accommodation."
c. In the alternative, require Plaintiff to drive up to 120 miles one way, break up long trips with "paid breaks," or use Uber/Lyft for trips exceeding two hours.

13. These "options" were not reasonable accommodations. Instead, they penalized Plaintiff by linking her medical limitations to reduced assignments, or shifted responsibility for her income outside the company.

14. During the same time period, a similarly situated, non-disabled colleague who was hired at the same time continued to receive regular assignments and did not face similar restrictions.

15. Defendant's actions caused Plaintiff financial hardship, emotional distress, and ultimately forced her resignation on May 15, 2024.

16. Defendant claimed Plaintiff's assignments were limited because she had not passed a certification exam. However, certification was not required at the time of hire, was not listed in the offer letter or job posting, and was not presented as a condition of employment. During training, certification was mentioned only as an optional opportunity, not a requirement. Plaintiff was asked to take the exam informally "to get a feel for it," while a colleague hired at the same time was not asked to take it and continued to receive assignments without issue.

## IV. Claims for Relief

### Count I – Disability Discrimination (ADA)

17. Defendant discriminated against Plaintiff by failing to provide reasonable accommodations for her disability, including repeatedly assigning her to in-person jobs that required travel exceeding two hours each way, despite Plaintiff's repeated disclosures of her medical limitations.

18. Defendant further discriminated against Plaintiff by reducing her assignments and opportunities based on her disability.

### Count II – Retaliation (ADA)

19. Plaintiff realleges paragraphs 1–18.

20. Plaintiff engaged in protected activity by requesting accommodations for her disability.

21. Defendant retaliated against Plaintiff by removing her remote assignments, reducing her workload, restricting her income, and constructively forcing her resignation.

## V. Prayer for Relief

Plaintiff respectfully requests that this Court:

a. Award compensatory damages for lost wages, benefits, and emotional distress;

b. Award punitive damages to deter future ADA violations;

c. Award costs and, if applicable, attorney's fees;

d. Grant any further relief this Court deems just and proper.

Respectfully submitted,

Kayla Lora
14636 Cedar Branch Way
Orlando, FL 32824
Phone: 718-415-0292
Email: Sherrinelora@gmail.com